Contracts; Medicare Act; Oourt of Claims jurisdiction; review of provider reimbursement disputes; reasonable costs; remamd to agency. — On October 21, 1976 the court entered the following order.
*347 Before CoweN, Chief Judge, Davis and Kashiwa, Judges.
“This case has come before the court on defendant’s motion to dismiss the petition. Oral argument was had and the court has considered the briefs and arguments of the parties.
“In response to defendant’s challenge to the jurisdiction of this court to .consider the case, the eourt determines .that it has jurisdiction. Whitecliff, Inc. v. United States, 210 Ct. Cl. 53, 536 F.2d 347 (1976), rehearing denied, September 30, 1976, cert. denied, 430 U.S. 969 (1977).
“On the merits of the claim, the court is uncertain as to the present position of the Government concerning the extent and incidence of retroactivity under 42 U.S.C. § 1395x(v). The court has been informed that, a proposed regulation on that subject was published in June 1975, but the court has not been told whether that or any other regulation on the subject has been adopted, or-what is the present position of the Department of Health, Education and Welfare. That position may be important in the determination of this case. See Whitecliff, Inc. v. United States, supra, 210 Ct. Cl. at 62, 536 F.2d at 353, footnote. 14. Therefore, without deciding at this time any of the merits issues raised by the parties,* the court remands the case to the Secretary of Health, E&úr cation and Welfare pursuant to Hule 149 and this court’s remand statute, Bub. L. No. 92-415, 86 Stat. 652 (1972), 28 TJ.S.C. §1491 (Supp. IV,- 1974), for a renewed determination, by means of such agency, official or tribunal.he chooses, of plaintiff’s claim pursuant to the present policy and position of the Department of Health, Education and Welfare.
, “Further proceedings in this court are stayed for a period of three (3) months from the date of this decision. The parties and the Secretary should also take note of Kule 150.
• “iT IS SO ORDERED.”

 The court Is aware of Hazelwood Chronic & Convalescent Hospital, Inc v Weinberger, 543 F.2d 703 (9th Ctr. 1976).